RECORD NO. 13-5007

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals
## For The District of Columbia Circuit

# JEFFRY SCHMIDT, also known as Jeff Schmidt,

*Plaintiff – Appellant*,

## v.

# UNITED STATES OF AMERICA,

*Defendant – Appellee*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

## PAGE PROOF BRIEF OF APPELLANT

_____

**Michael D.J. Eisenberg**
LAW OFFICE OF MICHAEL D.J. EISENBERG
**700 12th Street, NW, Suite 700**
**Washington, DC  20005**
**(202) 558-6371**

*Counsel for Appellant*                    *Dated:  October 15, 2013*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### I.     Parties

The Appellant is Jeffry A. Schmidt, who was the Plaintiff in the District Court.

The Appellee is the United States of America, who was the Defendant in the District Court.

There is no amicus curia.

### II.     Rulings Under Review

The ruling under review is the October 18, 2012, Judgment by the Honorable Gladys Kessler, in favor of the Defendant (Case Number 10-CV-00570-GK.

### III.     Related Cases

This case has not previously been before this Court. There are currently no pending related cases.

# TABLE OF CONTENTS

**Page**

CERTIFICATE AS TO PARTIES, RULINGS,
AND RELATED CASES ................................................................i

TABLE OF CONTENTS ..................................................................ii

TABLE OF AUTHORITIES................................................................ v

GLOSSARY OF ABBREVIATIONS ........................................................ix

JURISDICTIONAL STATEMENT ...................................................... 1

STATEMENT OF THE ISSUES............................................................ 2

STATUTES AND REGULATIONS ........................................................ 3

STATEMENT OF THE CASE .............................................................. 4

STATEMENT OF FACTS .................................................................. 5

SUMMARY OF ARGUMENT .............................................................. 10

    I.    Appellant's 2008 application for record correction was
        based upon new evidence and the BCNR's subsequent
        decisions are subject to judicial review ................................ 10

    II.   The District Court is empowered to review the 2011
        BCNR Decision pursuant to the APA ................................... 11

STANDARD OF REVIEW.................................................................. 12

ARGUMENT .................................................................................. 13

I.    Appellant's 2008 application for record correction was
      based upon new evidence and the BCNR's subsequent
      decisions denying further consideration are subject to
      judicial review .................................................................... 13

II.   The District Court is empowered to review the 2011
      BCNR Decision pursuant to the APA .................................. 15

      a.    APA Review of the 2011 BCNR Decision Is Not
            Moot .......................................................................... 15

      b.    APA Review of the 2011 BCNR Decision Is Not
            Barred by the Statute of Limitations in the
            District Court ............................................................ 16

      c.    The CFC Does Not Possess Exclusive Jurisdiction
            Over this Claim and APA Jurisdiction in the
            District Court is Appropriate ...................................... 19

            i.    The District Court has Exclusive APA
                  jurisdiction to review final decisions of
                  military correction boards ................................... 19

            ii.   The CFC could not review the 2011 BCNR
                  Decision ............................................................. 21

            iii.  The CFC could not provide equitable relief ........ 22

      d.    APA Review of the 2011 BCNR Decision Is Not
            Barred by Res Judicata or Collateral Estoppel ........... 23

            i.    Res Judicata ....................................................... 23

            ii.   Collateral Estoppel ............................................. 25

            iii.  The District Court is empowered to
                  determine its own jurisdiction over
                  Appellant's claims .............................................. 28

CONCLUSION ........................................................................................... 29

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apotex, Inc. v. Food & Drug Admin.*,
  393 F.3d 210 (D.C. Cir. 2004) ........................................................24

\*Bittner v. Sec'y of Defense*,
  625 F. Supp. 1022 (D.D.C. 1985) ................................... 11, 16, 17, 18

*Brotherhood of Locomotive Engineers*,
  482 U.S. 270 (1987) ............................................................... 14, 15

*Carter v. Dep't of the Navy*,
  2006 U.S. Dist. LEXIS 59767 (D.D.C. Aug. 24, 2006) .................. 11

*Chappell v. Wallace*,
  462 U.S. 296 (1983) .......................................................................20

*Cone v. Caldera*,
  223 F.3d 789 (D.C. Cir. 2000) .......................................................20

*Dickson v. Sec'y of Def.*,
  68 F.3d 1396 (1995) .......................................................................20

*Doe v. Metro. Police Dep't*,
  445 F.3d 460 (D.C. Cir. 2006) .......................................................12

*Dozier v. Ford Motor Co.*,
  702 F.2d 1189 (D.C. Cir. 1983) ........................................26, 27, 28

*Faison v. United States*,
  102 Fed. Cl. 637 (2012)..................................................................22

*Frizelle v. Slater*,
  111 F.3d 172 (D.C. Cir. 1997) .......................................................20

*\*Chief Authorities are Designated by an Asterisk*

*GAF Corp. v. United States*,
  818 F.2d 901 (D.C. Cir. 1987) ............................................ 25, 26, 27

*Hardison v. Alexander*,
  655 F.2d 1281 (D.C. Cir. 1981) ...................................................... 24

*\*Havens v. Mabus*,
  892 F. Supp. 2d 303 (D.D.C. 2012) ........................................ 9, 17, 24

*Henderson v. Shinseki*,
  131 S. Ct. 1197 (2011) .................................................................... 21

*I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*,
  723 F.2d 944 (D.C. Cir. 1983) ................................................... 23, 24

*Keene Corp. v. United States*,
  591 F. Supp. 1340 (D.D.C. 1984) .............................................. 25, 26

*Kendall v. Army Bd. for Correction of Military Records*,
  996 F.2d 362 (D.C. Cir. 1993) ........................................................ 17

*\*Kidwell v. Dep't of the Army*,
  56 F.3d 279, 286 (D.C. Cir. 1995) .................................................. 20

*\*Kreis v. Sec'y of the Air Force*,
  866 F.2d 1508 (1989) ..................................................... 12, 17, 19-20

*Lebrun v. England*,
  212 F. Supp. 2d 5 (D.D.C. 2002) .................................................... 17

*Martinez v. United States*,
  333 F.3d 1295 (Fed. Cir. 2003) ...................................................... 21

*Morris v. Gressette*,
  432 U.S. 491 (1977) ........................................................................ 20

*Murphy v. United States*,
  993 F.2d 871 (Fed. Cir. 1993) .................................................... 21-22

*Musengo v. White,*
    286 F.3d 535 (D.C. Cir. 2002) ........................................ 20

*Oglala Sioux Tribe v. Homestake Mining Co.,*
    722 F.2d 1407 (8th Cir. 1983) ....................................... 26

*Rempfer v. United States Dep't of Air Force Bd. for*
*Corrections of Military Records,*
    538 F. Supp. 2d 200 (D.D.C. 2008) ..................................... 16, 17, 18

*Roth v. McAllister Bros.,*
    316 F.2d 143 (2d Cir. 1963).......................................... 26, 27

*Schmidt v. U.S.,*
    No. 10-cv-00570-GK ................................................ 2, 7, 8, 9, 19

*Sendra Corp. v. Magaw,*
    111 F.3d 162 (D.C. Cir. 1997) ........................................ 14

*Smalls v. United States,*
    471 F.3d 186 (D.C. Cir. 2006) ........................................ 24

*Treece v. United States,*
    96 Fed. Cl. 226 (2010).............................................. 22

*Turner v. Dep't of Navy,*
    325 F.3d 310 (2003) ................................................ 20

*U.S. Indus., Inc. v. Blake Constr.,*
    765 F.2d 195 (D.C. Cir. 1985) ........................................ 23

*United States v. Oregon,*
    366 U.S. 643 (2006). ................................................ 21

*Wopsock v. Natchees,*
    454 F.3d 1327 (Fed. Cir. 2006) ....................................... 22

## STATUTES

5 U.S.C. §§ 701 *et seq.*.................................................................... 1

5 U.S.C. §§ 701-706 ..................................................................... 6

5 U.S.C. § 704 .............................................................................. 19

5 U.S.C. § 706 .............................................................................. 3

5 U.S.C. § 706(2) ......................................................................... 8

5 U.S.C. § 706(2)(A) ................................................................... 15

10 U.S.C. § 1552(a) ..................................................................... 3

28 U.S.C. § 1291 ...................................................................... 2, 3

28 U.S.C. § 1332 .......................................................................... 27

28 U.S.C. § 1491(a)(2) ................................................................ 22

28 U.S.C. § 1491(b)(2) ................................................................ 22

28 U.S.C. § 2401 ................................................................. 2, 16, 18

28 U.S.C. § 2401(a) ......................................................... 11, 16, 17

## RULES

Fed. R. App. P. 30(c) ................................................................. 5

Fed. R. App. P. 30(c)(2) ............................................................. 5

Fed. R. App. P. 30(c)(2)(A) ........................................................ 5

D.C. Cir. R. 30(c) ...................................................................... 5

## GLOSSARY OF ABBREVIATIONS

**APA**          Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*

**AR**           Administrative Record

**BCNR**         Board for Correction of Naval Records

**CFC**          U.S. Court of Federal Claims

**USMC**         United States Marine Corps

**[ORAL ARGUMENT NOT YET SCHEDULED]**

**No. 13-5007**

---

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

### JEFFRY SCHMIDT,

Plaintiff-Appellant,

v.

### UNITED STATES OF AMERICA,

Defendant-Appellee.

---

On Appeal from the U.S. District Court
for the District of Columbia

---

### INITIAL BRIEF OF PLAINTIFF-APPELLANT

---

### JURISDICTIONAL STATEMENT

Appellant, veteran Jeffry Schmidt, seeks review of a final decision

by the Board for Correction of Naval Records ("BCNR") pursuant to the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*.

Specifically, Appellant challenges the BCNR decision denying further

consideration of his request for reconsideration based on an alleged

1

absence of new and material evidence on the grounds that it was arbitrary, capricious, unsupported by substantial evidence, and contrary to law.

This appeal arises from the final decision and order of the United States District Court for the District of Columbia in *Schmidt v. U.S.*, No. 10-cv-00570-GK (hereinafter *Schmidt II*). On December 21, 2012, the District Court granted the Secretary's motion to dismiss, and denied Appellant's Motion to be heard on the APA issue. *Schmidt II*, Mem. Op., ECF No. 25-26. The District Court's decision constitutes a final order and judgment that disposed of all the parties' claims.

This Court has subject matter jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. This appeal was timely filed on January 22, 2013.

## STATEMENT OF THE ISSUES

I.  Whether the BCNR's 2011 Decision that Appellant's application for reconsideration does not contain "new or material evidence" is a "final" decision under the Administrative Procedure Act (APA), such that it triggered a new six-year statute of limitations period pursuant to 28 U.S.C. § 2401.

II. Whether the District Court has jurisdiction under the Administrative Procedure Act (APA) to entertain a substantive challenge to a decision rendered by the Board for Correction of

Naval Records (BCNR) after a remand from the same District Court to cure a procedural error.

## STATUTES AND REGULATIONS

### 10 U.S.C. § 1552(a)

(1)    The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. Except as provided in paragraph (2), such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department. The Secretary of Homeland Security may in the same manner correct any military record of the Coast Guard.

### 28 U.S.C. § 1291

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292 (c) and (d) and 1295 of this title.

### 5 U.S.C. § 706

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1)     compel agency action unlawfully withheld or unreasonably delayed; and

(2)     hold unlawful and set aside agency action, findings, and conclusions found to be—

    (A)     arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    (B)     contrary to constitutional right, power, privilege, or immunity;

    (C)     in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    (D)     without observance of procedure required by law;

    (E)     unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    (F)     unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

## STATEMENT OF THE CASE

This case concerns the District Court's ability to entertain APA review of decisions by the BCNR, where the U.S. Court of Federal Claims ("CFC") has determined that it lacked jurisdiction to do so. Based on the following, Appellant argues that the District Court does

4

possess jurisdiction to review BCNR decisions where the CFC has already determined that it lacked subject matter jurisdiction. Further, Appellant asserts that the BCNR's decision not to consider Appellant's request for reconsideration due to an alleged failure to provide new or material evidence is a final agency action subject to APA review in the District Court.

Accordingly, the March 17, 2011, decision denying further consideration of Appellant's application for correction of his Naval Records is subject to APA review by the District Court and remand is appropriate.

## STATEMENT OF FACTS[1]

Appellant served in the U.S. Marine Corps (hereinafter "USMC") from February 3, 1983, to March 1, 1989. AR 99. He was discharged under "Honorable" conditions (AR 99) with a one-time disability

---

[1] Pursuant to Federal Rule of Appellate Procedure (FRAP) 30(c) and Circuit Rule 30(c), the parties have elected to use a deferred appendix. Pursuant to FRAP 30(c)(2), this brief contains citations to the administrative record, indicated as "AR" followed by the page number, and to the record below, indicated by references to the pages of the original documents filed in each case below. Pursuant to FRAP 30(c)(2)(A), when the appendix is prepared, the record pages cited in the briefs will be indicated by inserting record page numbers, in brackets, at places in the appendix where those pages of the record appear.

severance pay at 10 percent (AR 2). In 1990, Appellant challenged his disability rating, claiming the medical evaluations were incomplete and unfair. AR 54-55, 60. On March 16, 1992, the Board for Corrections of Naval Records ("BCNR") denied Appellant's application. AR 46-47. In 2008, Appellant requested reconsideration from the BCNR based on a new diagnosis of Post-Traumatic Stress Disorder and his 100% disability rating from the Department of Veterans Affairs. AR 18-23. On May 13, 2008, the Executive Director to the BCNR denied Appellant's request for reconsideration, finding that the evidence submitted was not new or material. AR 16-17.

Appellant appealed to CFC, challenging the denial as arbitrary and capricious, and the appropriateness of the Executive Director making a substantive decision regarding the materiality of the evidence submitted (i.e., that the Secretary violated the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706 (2006) by promulgating a Naval regulation that permitted a staff member, rather than the BCNR, to deny a request for reconsideration). *See* Complaint, CFC Case No. 08-cv-00771-ECH, Oct. 28, 2008, ECF No. 1 (hereinafter *Schmidt I*). By Order dated September 16, 2009, the Court of Federal Claims

transferred the APA challenge to the U.S. District Court for the District of Columbia. Order, *Schmidt I*, ECF No. 29.

On June 15, 2010, the parties agreed to a Consent Remand from the U.S. District Court for D.C. to the BCNR to cure the alleged APA violation (i.e., for Board consideration of whether Appellant had submitted new or material evidence in 2008). Order, *Schmidt II*, ECF No. 12.

On March 17, 2011, the BCNR reconsidered Appellant's Request for Reconsideration. It found that the "There is no credible evidence that the findings made by the Physical Evaluation Board in your case represent anything other than fair and impartial assessments of your fitness for duty and determination of an appropriate disability rating for the condition that it determined was unfitting." BCNR Decision, Mar. 17, 2011.

Appellant submitted a proposed briefing schedule and Amended Complaint to the Court. *Schmidt II*, ECF Nos. 13, 15. Appellant challenged the 2011 decision by the BCNR as arbitrary, capricious, unsupported by substantial evidence, and contrary to law, and sought the District Court's review of the Board's final decision. The Secretary

7

argued that Appellant was impermissibly attempting to "re-litigate the 'Court of Federal Claims'] refusal to hear his claim" and "to re-litigate his request for a military disability pension for which he has already received a final judgment from a court of competent jurisdiction." Def. Resp., *Schmidt II*, ECF No. 17, p. 2. The Secretary asserted that Appellant's claim was barred by res judicata and collateral estoppel, and that the Court did not have jurisdiction in any event to hear "what amounts to an appeal from the Court of Federal Claims." *Id.*

Appellant disagreed with the Secretary's characterization of his claims, and moved the District Court to review the BCNR's 2011 Decision under the APA, arguing that the most recent decision by the BCNR was arbitrary, capricious, unsupported by substantial evidence, contrary to applicable law, and should be overturned by the District Court under 5 U.S.C. § 706(2). APA Mot., *Schmidt II*, May 21, 2012, ECF No. 20.

On December 21, 2012, Judge Kessler granted the Secretary's Motion to Dismiss, concluding that the District Court lacked jurisdiction because 1) the APA claim was now moot, 2) the claim was barred by the statute of limitations, and 3) the CFC has exclusive

8

jurisdiction over claims for monetary damages over $10,000. Mem. Op., *Schmidt II*, ECF No. 26.

Appellant appealed the dismissal to this Court. The Secretary moved for summary affirmance of the District Court's decision. Mot. Summ. Affirmance, Apr. 4, 2013. In the Secretary's Reply Brief, the Secretary also argued that Appellant's claim for record correction was barred by res judicata because the instant suit involves the same parties and causes of action as the earlier one. Reply, June 3, 2013. The Court denied the motion for summary disposition and ordered briefing on the merits of the case. Order, Aug. 26, 2013. The Court also directed the Clerk to schedule oral argument on the same date and before the same panel as *Havens v. Mabus*, 892 F. Supp. 2d 303, 311 (D.D.C. 2012).[2] *Id.*

---

[2] In *Havens*, the plaintiff, Commander Havens, filed his first claim to the Board of Correction for Naval Records ("BCNR") in 1999, a request for reconsideration in 2001, and another petition for relief containing new and material evidence in 2005. *Havens v. Mabus*, Mot. for Summ. Rev., USCA Case #12-5339, Dec. 11, 2012, at 4. In 2007, Commander Havens filed a Tucker Act claim in the CFC, but it was dismissed without prejudice as barred by the six-year statute of limitations. *Id.* at 5. In 2010, after an unsuccessful appeal and unsuccessful Petition for Certiorari, Commander Havens filed an APA challenge of the 2005 BCNR determination in the District Court. *Id.* Judge Amy Berman Jackson dismissed the case as barred by res judicata. *Id.* at 310.

## SUMMARY OF ARGUMENT

The U.S. District Court for the District of Columbia (hereinafter "District Court") has jurisdiction to review the BCNR's determination that Appellant's request for reconsideration did not contain "new or material" evidence, thereby precluding further consideration.

I.   Appellant's 2008 application for record correction was based upon new evidence and the BCNR's subsequent decisions are subject to judicial review.

The 2011 and 2008 BCNR decisions stemming from Appellant's 2008 application for correction to his military records are "final" agency decisions subject to judicial review. Because Appellant submitted new evidence to the BCNR, the BCNR's refusal to reconsider Appellant's claim is subject to judicial review.

---

Commander Havens appealed the determination to this Court, arguing, inter alia, 1) dismissal on res judicata grounds below was inappropriate because the amended complaint before the District Court was based on APA (equitable relief; review of the final agency action), not Tucker Act (monetary relief, wrongful discharge); 2) res judicata for jurisdictional determinations only apply when the other action was dismissed with prejudice; and 3) APA review is available in the District Court because the CFC could not have provided Commander Havens an entire remedy.

II.   The District Court is empowered to review the 2011 BCNR Decision pursuant to the APA.

First, the claim is not moot. Although the BCNR cured the alleged procedural error on remand, the BCNR action resulted in a new decision. This new final agency decision is subject to APA review by the District Court.

Second, the APA claim is not barred by the statute of limitations under the District Court's application of the limitations statute 28 U.S.C. § 2401(a). *Bittner v. Sec'y of Defense*, 625 F. Supp. 1022, 1029 (D.D.C. 1985) (concluding that plaintiffs seeking review of administrative review boards decisions regarding the upgrade of their military discharge were not barred by the statute of limitations, even though plaintiffs were barred from seeking review of their original discharge where it occurred more than six years before the case was filed); *Carter v. Dep't of the Navy*, 2006 U.S. Dist. LEXIS 59767 at *21-22 (D.D.C. Aug. 24, 2006).

Third, the CFC does not have exclusive jurisdiction to entertain claims for military record corrections. It is well-settled law that the District Court has jurisdiction to review final decisions of the BCNR

under the APA. *See*, *e.g.*, *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (1989).

Fourth, this claim is not barred by res judicata. The doctrines of *res judicata* and/or collateral estoppel do not preclude this Court from reviewing the 2011 final decision by the BCNR. The claim that the BCNR acted arbitrarily and capriciously in its March 17, 2011, decision by failing to articulate a rational connection between the facts found and the choices made could not have been brought before the March 17, 2011, BCNR decision was issued.

Thus, APA review of the 2011 BCNR decision was available and appropriate.

## STANDARD OF REVIEW

This Court reviews the District Court's dismissal for lack of subject matter jurisdiction de novo. *Doe v. Metro. Police Dep't*, 445 F.3d 460, 465 (D.C. Cir. 2006).

# ARGUMENT

I.    Appellant's 2008 application for record correction was based upon new evidence and the BCNR's subsequent decisions denying further consideration are subject to judicial review.

Appellant first requested correction to his military records in 1990. On March 16, 1992, the BCNR denied Appellant's application. AR 46-47. In 2008, Appellant again requested correction to his military records. AR 18-23. In support of his application, he submitted a pleading along with six attachments, including five medical documents and a VA rating postdating the BCNR's first decision. *Id.*

The BCNR construed Appellant's 2008 application as a "request for further consideration of a previously denied application." AR 16-17. The BCNR, acting through the executive director, declined to reconsider Appellant's application on the grounds that his application did not include new or material evidence. *Id.* After joint remand from the District Court to cure the alleged APA violation, a three-member panel of the BCNR again determined that Appellant's 2008 request for record correction failed to present new or material evidence sufficient to warrant further consideration. *See* BCNR Decision, Mar. 17, 2011.

In support of the argument that the BCNR's 2011 decision is unreviewable by the District Court, the Secretary has argued that the BCNR's denial of a request for reconsideration does not constitute a new "final" agency action subject to judicial review. Mot. Summ. Affirmance, Apr. 4, 2013, at p. 14. Thus, the Secretary concludes, "Because the BCNR did not 'clearly state or indicate' that it reopened the matter, the District Court properly treated its March 2011 action as a reconsideration denial." However, the Secretary ignored the case law supporting reviewability of denials of reconsideration in circumstances such as that present here.

The Supreme Court has stipulated that where an agency refuses to reopen a proceeding, **the lawfulness of the refusal is subject to judicial review**. *Brotherhood of Locomotive Engineers*, 482 U.S. 270, 278 (1987). Specifically, if an agency denies a petition for reconsideration alleging "new evidence" or "changed circumstances," the agency's denial is reviewable as a final agency action, but it will be set aside only for the "clearest abuse of discretion." *Sendra Corp. v. Magaw*, 111 F.3d 162, 166 (D.C. Cir. 1997) (citing *Brotherhood of Locomotive Engineers*, 482 U.S. at 278 (internal citations omitted)). Under the APA,

14

the basis for challenge must be that the refusal to reopen was "arbitrary, capricious, [or] an abuse of discretion." *Brotherhood of Locomotive Engineers*, 482 U.S. at 278 (citing 5 U.S.C. § 706(2)(A)).

The BCNR's denial in 2011 is subject to judicial review. Specifically, the District Court is empowered to consider whether the BCNR's determination that Appellant failed to submit any new or material evidence was arbitrary, capricious, or an abuse of discretion. Specifically, because it is undisputed that Appellant submitted substantial ***new*** medical evidence postdating the 1992 decision, the District Court is empowered to review the BCNR's substantive decision that the additional evidence was not "material".

II. The District Court is empowered to review the 2011 BCNR Decision pursuant to the APA.

   a.    APA Review of the 2011 BCNR Decision Is Not Moot.

The District Court improperly held that Appellant's claim for APA review of the 2011 BCNR decision was moot because the remand cured the alleged deficiency in the prior case. However, the decision by the BCNR on remand created *a new final agency decision that has never been subject to judicial review*. Thus, the remand created a case or controversy subject to APA review by the District Court.

15

Moreover, based on the arguments below, the CFC's dismissal of Appellant's claim on statute of limitations grounds does not preclude review by the District Court of the first BCNR decision – even though already dismissed on jurisdictional grounds by the CFC – much less does it preclude review of the second determination by the BCNR, which has yet to be subjected to judicial review.[3]

  b.  APA Review of the 2011 BCNR Decision Is Not Barred by the Statute of Limitations in the District Court.

The APA claim at issue is not time-barred under this Court's application of the limitations statute 28 U.S.C. § 2401(a). *See Bittner v. Sec'y of Defense*, 625 F. Supp. 1022, 1029 (D.D.C. 1985).

The relevant portion of § 2401 provides that "[e]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Thus, the issue of timeliness accrues turns on when the right of action "first accrues". In this Circuit, the right of action accrues at the time of the final correction board decision. *See Rempfer v. United States Dep't of Air Force Bd. for Corrections of Military Records*,

---

[3] Recall the second BCNR decision, made in 2011, was made after the transfer from the CFC to the District Court and after the parties agreed to a joint remand to the BCNR.

16

538 F. Supp. 2d 200 (D.D.C. 2008); *Bittner v. Sec'y of Defense*, 625 F. Supp. 1022 (D.D.C. 1985). Where a plaintiff challenges an adverse decision by the BCNR, the statute of limitations "accrues at the time of the final agency decision, or the exhaustion of all administrative remedies," and is not affected by when the plaintiff's discharge was actually finalized. *Havens*, 892 F. Supp. 2d 303, 310, fn. 3 (citing *Lebrun v. England*, 212 F. Supp. 2d 5, 11 (D.D.C. 2002)).

In *Rempfer*, the District Court found that the plaintiff's claims were untimely only because the claims "ar[ose] directly from plaintiff's allegedly coerced resignations . . ." *Rempfer*, 538 F. Supp. 2d at 207. In contrast, Appellant's claim stems from the BCNR's decision issued on March 17, 2011. This Court explained the difference in applying the six-year time limit to the different claims:

> For claims challenging the discharge itself, the '§ 2401(a) limitation period begins to run when a service member's discharge is final.' . . . When the plaintiff is challenging an adverse decision by the Board, that claim 'accrues at the time of the final agency decision . . . rather than at the time when the underlying discharge or alleged coerced resignation occurred.'

*Rempfer*, 538 F. Supp. 2d at 206 (quoting *Kendall v. Army Bd. for Correction of Military Records*, 996 F.2d 362, 366 (D.C. Cir. 1993).

Unlike the plaintiffs in *Rempfer*, the limitation period in the case at bar accrues from the BCNR decision which became final on March 17, 2011.

In *Bittner*, the plaintiffs challenged an agency decision denying an upgrade in discharge status. *Bittner*, 625 F. Supp. at 1029. Similar to the present Defendant, the defendants in *Bittner* argued that the plaintiff's claims were barred. *Id.* However, District Court disagreed and held that the plaintiff's challenge of a final agency decision " . . . denying an upgrade in discharge is reviewable in this action despite the fact that the actual discharges occurred more than six years before the action was filed." *Id.* The decision of this Court in *Bittner* was rooted in the functions of the Board and the Court:

> The function of the [Discharge] Review Board and the Correction Board is to review the type and nature of discharges in order to correct errors or remove injustices. And it is the duty of the judiciary to inquire into an allegedly wrongful and detrimental refusal to grant deserved relief.

*Id.* Thus, contrary to Defendant's argument and the District Court's holding, review of the March 2011 BCNR decision is timely under this Circuit's application of 28 U.S.C. § 2401.

18

c.    The CFC Does Not Possess Exclusive Jurisdiction Over this
Claim and APA Jurisdiction in the District Court is
Appropriate.

The District Court determined that APA jurisdiction was
unavailable to Appellant because the CFC possessed exclusive
jurisdiction over Appellant's Tucker Act claim, claiming damages in
excess of $10,000. Mem. Op., *Schmidt II*, ECF No. 26. The District
Court noted that Appellant could not "avoid the ruling of the Court of
Federal Claims by framing his claim somewhat differently before this
Court." *Id.* at p. 6. However, this holding is contrary to the case law of
this Circuit. Moreover, the CFC could never have provided Appellant an
"adequate remedy" (i.e., review of the 2008 or 2011 BCNR decisions).
Thus, APA jurisdiction is appropriate as a remedy of last resort,
because the CFC could never have reviewed the prior BCNR decisions
and could never have provided an "adequate remedy" to Appellant. *See*
5 U.S.C. § 704.

i.    The District Court has Exclusive APA jurisdiction to
review final decisions of military correction boards.

As a preliminary matter, it is well-settled law that the District
Court has jurisdiction to review final decisions of the military correction
boards under the APA. *See*, *e.g.*, *Kreis v. Sec'y of the Air Force*, 866 F.2d

19

1508, 1511 (1989); *see also Turner v. Dep't of Navy*, 325 F.3d 310, 313-14
(2003); *Musengo v. White*, 286 F.3d 535, 538 (D.C. Cir. 2002); *Cone v.
Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000); *Frizelle v. Slater*, 111 F.3d
172, 176 (D.C. Cir. 1997); *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1400
(1995); *Kidwell v. Dep't of the Army*, 56 F.3d 279, 286 (D.C. Cir. 1995).
The Supreme Court has also clarified that decisions of the correction
boards are "subject to judicial review and can be set aside if they are
arbitrary, capricious, or not based on substantial evidence." *Chappell v.
Wallace*, 462 U.S. 296, 303-04 (1983).

Moreover, judicial review of final agency action is available under
the APA unless Congress has, in express or implied terms, precluded
judicial review or committed challenged action entirely to
administrative discretion. *See Morris v. Gressette*, 432 U.S. 491 (1977).
There is no such statute limiting judicial review of correction board
decisions only to the CFC or committing review of record correction
issues entirely to Agency discretion. Further, there is no reason to
believe that Congress ever intended to deprive veterans of judicial

review of final correction board decisions simply because one such decision occurred more than six years after the first board decision.[4]

Thus, APA review of final decisions by military record correction boards is available, exclusive, and appropriate in the District Court.

       ii.    The CFC could not review the 2011 BCNR Decision.

As evidenced by the CFC's dismissal for lack of jurisdiction on statute of limitations grounds of the 2008 BCNR decision, the CFC *could never* have offered Appellant a full and adequate remedy (i.e., review of the BCNR's 2011 decision). *See* Opinion, *Schmidt I*, Sept. 16, 2009, ECF No. 29. Per the CFC's interpretation of the limitations statute, Appellant's Tucker Act claim accrued at the time of the first Board decision in 1992 and/or at the date of discharge in 1989 and expired six years thereafter. *Id.* at 9-10. The CFC, also, did not have jurisdiction to hear Appellant's APA claim. *See* Order, *Schmidt I*, at p. 18; *see also*, *e.g.*, *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc) ("[T]he [United States] Court of Federal Claims lacks APA jurisdiction . . . ."); *Murphy v. United States*, 993 F.2d 871,

---

[4] Indeed, the Supreme Court has recently reaffirmed "[t]he solicitude of Congress for veterans is long standing." *Henderson v. Shinseki*, 131 S. Ct. 1197, 1199 (2011) (citing *United States v. Oregon*, 366 U.S. 643, 647 (2006)).

874 (Fed. Cir. 1993) ("[T]he Claims Court has no authority to invoke the APA."); *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (stating that the APA is not money mandating). Clearly, per the CFC's own determination, the CFC does not have jurisdiction to review the BCNR's 2008 or 2011 Decisions.

On the other hand, the District Court can entertain Appellant's APA challenge to the final BCNR decision rendered in 2011 (and could also have reviewed the 2008 decision [as a separate matter]).

### iii.    The CFC could not provide equitable relief.

Further, the CFC could not have provided an entire remedy because it lacked jurisdiction to provide either monetary or equitable relief. By dismissing on statute of limitations grounds, the primary Tucker Act jurisdiction never arose, and the CFC never had ancillary jurisdiction to grant any equitable or declaratory relief. *See Treece v. United States*, 96 Fed. Cl. 226, 232 (2010) (citing 28 U.S.C. § 1491(a)(2), (b)(2) ("The Court of Federal Claims may grant equitable relief ancillary only to those claims for monetary relief over which it has jurisdiction"); *see also Faison v. United States*, 102 Fed. Cl. 637 (2012) ("Because the Court of Federal Claims does not have jurisdiction over plaintiff's

monetary claim for due process violations … the court also lacks

jurisdiction over plaintiff's claims for injunctive and declaratory relief.")

Thus, APA jurisdiction is appropriate in the District Court

because the CFC could never have provided Appellant an adequate

remedy.

      d.    APA Review of the 2011 BCNR Decision Is Not Barred by
             Res Judicata or Collateral Estoppel.

The Secretary also argued that Appellant's APA claim is barred by

res judicata. Reply, June 3, 2013, at p. 7. However, the Secretary's

argument must fail because the CFC did not actually adjudicate the

merits of the BCNR's decision OR the issue of this Court's jurisdiction

*under the APA.*

      i.    Res Judicata.

A plaintiff must "present in one suit all the claims for relief that

he may have arising out of the same transaction or occurrence." *U.S.

Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985)

(internal quotation marks and citation omitted); *see also I.A.M. Nat'l

Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir.

1983) (noting that res judicata "forecloses all that which might have

been litigated previously"). Thus, the doctrine of res judicata "prevents

repetitive litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund*, 723 F.2d 944, 946 (D.C. Cir. 1983). It acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). A party cannot escape application of the doctrine by "simply raising a new legal theory." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 218 (D.C. Cir. 2004).

Under the doctrine of res judicata, a claim "will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Havens v. Mabus*, 892 F. Supp. 2d 303, 310-311 (D.D.C. 2012) (citing *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (internal citations omitted)).

The instant matter cannot be barred by res judicata because (1) it does not involve the same claims or cause of action, and (3) there has not been a final, valid judgment on the merits (4) by a court of competent jurisdiction. The instant matter seeks APA review of the

2011 BCNR Decision. On the other hand, the matter before the CFC unsuccessfully sought review of the 2008 BCNR decision under the Tucker Act. **There has not been a final, valid judgment pertaining to the 2011 BCNR decision**, nor has there been any judicial review of the 2011 BCNR decision whatsoever. Thus, res judicata does not preclude APA review of the 2011 BCNR Decision by the District Court.

        ii.    Collateral Estoppel.

Even if the 2008 and 2011 BCNR Decisions are construed to be the "same" final BCNR decision – insofar as they reached the same conclusion based on the same evidence (albeit through a different mechanism) – the instant matter is still not barred.

"Where a suit is dismissed without reaching a judgment on the merits, as a dismissal for lack of jurisdiction, principles of collateral estoppel, having a lesser preclusive effect [than res judicata], would apply." *GAF Corp. v. United States*, 818 F.2d 901, 911 (D.C. Cir. 1987). "Principles of collateral estoppel allow a new suit on the merits but preclude relitigation of 'those issues [which] were conclusively determined in a prior action.'" *Id.* (citing *Keene Corp. v. United States*, 591 F. Supp. 1340, 1345 (D.D.C. 1984)). Thus, a party is barred from

relitigating issues "*actually litigated and necessary to the outcome* in the first action." *Keene Corp.*, 591 F. Supp. at 1345 (emphasis added). The "judgment ordering dismissal[] will . . . have preclusive effect as to matters *actually adjudicated*; it will, for example, preclude relitigation of the precise *issue of jurisdiction* that led to the initial dismissal." *GAF Corp.*, 818 F.2d at 912(emphasis added).

The CFC only adjudicated the issue of its jurisdiction to entertain Appellant's Tucker Act claim. The CFC concluded that it did not have jurisdiction to entertain Appellant's Tucker Act claim as it was brought outside of the six-year statute of limitations, as applied and interpreted by the CFC to Tucker Act claims. The CFC's holding has no bearing on the jurisdiction of this Court to review the BCNR's 2011 decision per the authority of the APA.

This Circuit clarified instances where issue preclusion will flow from a dismissal for want of jurisdiction; for example: amount in controversy for diversity jurisdiction (*Dozier*, 702 F.2d at 1192-1193); fact of employment (*Roth v. McAllister Bros.*, 316 F.2d 143, 145 (2d Cir. 1963)); constitutionality of a statute (*Oglala Sioux Tribe v. Homestake Mining Co.*, 722 F.2d 1407, 1411-1413 (8th Cir. 1983); (dismissal of suit

26

for lack of federal subject-matter jurisdiction precludes relitigation of the same issue of subject-matter jurisdiction in second federal suit on same claim)). *GAF Corp.*, 818 F.2d at 913. These claims were precluded because the first court *actually adjudicated* the issue of jurisdiction based on the facts and law presented (e.g., whether the amount in controversy met the requirements for diversity jurisdiction (*Dozier v. Ford Motor Co.*, 702 F.2d 1189 (D.C. Cir. 1983));[5] or whether a plaintiff's employment at the time he was injured required him to pursue relief under the federal statutes (*Roth*).

On the other hand, the CFC did not *actually adjudicate* or *conclusively determine* APA jurisdiction in this Court. Although the CFC transferred only Appellant's APA challenge to the *procedure* by which the executive director initially denied Appellant's request for

---

[5] In *Dozier*, the plaintiff brought claims before two different federal district courts, alleging jurisdiction based on the diversity of citizenship provisions of 28 U.S.C. § 1332. The first district court determined that the amount-in-controversy requirement of § 1332 had not been met. After amending the amount-in-controversy, the plaintiff attempted to bring the same claim again in this Court. Because the first district court had finally determined that the plaintiff did not meet the requirements for jurisdiction under § 1332, this Court found, "Because the doctrine of res judicata applies to dismissal for lack of jurisdiction as well as for other grounds, [the first court's] determination bars the present suit in federal district court, **at least to the extent appellant seeks to base jurisdiction on § 1332**." *Dozier*, 702 F.2d at 1191 (emphasis added).

record correction to the District Court – rather than both the procedural and substantive issues – the CFC did not actually adjudicate or conclusively determine the District Court's jurisdiction to review of the merits of the BCNR decision under the APA. Thus, the CFC's implied conclusion was not *necessary to* or *critical to* the court's final judgment (i.e., determination the CFC did not have subject matter jurisdiction to review Appellant's claim under the Tucker Act). The CFC determined its own [lack of] jurisdiction under the Tucker Act and found it was without subject matter jurisdiction. Subsequently, no finding – express or implied – by the CFC regarding APA jurisdiction in the District Court was at all "necessary" to its holding regarding its own jurisdiction under the Tucker Act.

Thus, the instant matter is not barred by collateral estoppel.

      iii.    The District Court is empowered to determine its own jurisdiction over Appellant's claims.

Res judicata applies to dismissal for lack of jurisdiction to the extent a claimant seeks to base jurisdiction on the *same statute* finally determined by the first court. *See Dozier*, 702 F.2d at 1191 (concluding the doctrine of res judicata applies to dismissal for lack of jurisdiction "at least to the extent" appellant sought to base jurisdiction on the same

28

statute as in the first action). The instant matter is not premised on the same statute as the first claim in the first federal court. Nor has it been brought in a sister district court with the same jurisdictional requirements as in the first court. Instead, Appellant has brought the present claim under an entirely different statutory framework and seeks different relief. Because the dismissal from the CFC was on jurisdictional grounds (i.e., without prejudice) and based on a different statute granting this court jurisdiction, res judicata does not bar the present suit. Similarly, based on the foregoing, issue preclusion does not bar the present suit because the CFC did not actually adjudicate or finally determine the issue of the District Court's own jurisdiction.

## CONCLUSION

WHEREFORE, Appellant, by and through Counsel, respectfully requests that the Court reverse the District Court's dismissal for lack of jurisdiction, and remand the matter for APA review of the March 2011 BCNR Decision.

Date: October 15, 2013            Respectfully submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
D.C. Bar No. 415793
Attorney for the Appellant
Law Office of Michael D.J. Eisenberg
700 12th Street, NW, Suite 700
Washington, DC  20005
O: (202) 558-6371
F: (202) 403-3430
E-mail: Michael@Eisenberg-
Lawoffice.com

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*5,873*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Century Schoolbook*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>October 15, 2013</u>          <u>/s/ Michael D.J. Eisenberg</u>
                                        *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of October, 2013, I caused this Page Proof Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Benton G. Peterson
R. Craig Lawrence
OFFICE OF THE U.S. ATTORNEY
555 4th Street, NW
Washington, DC  20530
(202) 252-2500

*Counsel for Appellee*

I further certify that on this 15th day of October, 2013, I caused the required copies of the Page Proof Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ Michael D.J. Eisenberg
*Counsel for Appellant*