ORAL ARGUMENT NOT YET SCHEDULED

BRIEF FOR APPELLEE
_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 13-5007
_____

JEFFRY A. SCHMIDT,                                    Appellant,

    v.

UNITED STATES OF AMERICA, et al.,                    Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

RONALD MACHEN JR.
United States Attorney.

R. CRAIG LAWRENCE,
BENTON G. PETERSON,
Assistant United States Attorneys.

C.A. No. 10-0570

## CERTIFICATE AS TO PARTIES,
## <u>RULINGS AND RELATED CASES</u>

<u>Parties</u>

Appellant, plaintiff below, is Jeffry Schmidt.   Appellee, defendants below, is the United States of America.

<u>Ruling under Review</u>

The ruling under review is the Honorable Gladys Kessler's order of October 18, 2012, order dismissing Mr. Schmidt's complaint.   This ruling was not published.

<u>Related Cases</u>

This case has not previously been before this Court, and appellee is unaware of any related cases that are currently pending.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................iv

GLOSSARY ............................................................................... vii

STATEMENT OF JURISDICTION.........................................................1

ISSUES PRESENTED....................................................................1

COUNTERSTATEMENT OF THE CASE..................................................2

    Factual and Procedural Background................................................3

SUMMARY OF ARGUMENT ...........................................................5

STANDARD OF REVIEW…………………………………………………7

ARGUMENT ............................................................................7

    I.    THE ONLY CLAIM BEFORE THE COURT IS PROCEDURAL………………7

        A.    The Procedural Claim is Moot………………………………………………7

        B.    Mr. Schmidt Does Not Challenge The District Court's Dismissal Of His Procedural Claim Of The Denial of Leave to Amend His Complaint…………………………………………………………………...11

    II.    MR. SCHMIDT'S REQUEST FOR REVIEW OF HIS SUBSTANTIVE CLAIMS PREVIOUSLY ADJUDICATED BEFORE THE COURT OF FEDERAL CLAIMS IS IMPROPER……………………………………………12

        A.    Mr. Schmidt's Substantive Claim Is Barred by the Statute of Limitations……………………………………………………………………12

            1.    Challenge to the Underlying Discharge…………………………13

            2.    Challenge to the Decision by the Board…………………………14

        B.    The District Court Lacks Subject Matter Jurisdiction Over Plaintiff's Substantive Claim Because The Claim Is Actually A Claim For Money Damages Which Is Unavailable Under Administrative Procedures Act……………………………………………………………...20

ii

C.    Mr. Schmidt's Substantive Claims Are Barred By The Law Of
The Case…………………………………………………………………….22

CONCLUSION ........................................................................................................25

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Am. Ass'n of Paging Carriers v. FCC*,
442 F.3d 751 ...............................................................................18

*Amgen, Inc. v. Smith*,
357 F.3d 103 .................................................................................7

*Amgen, Inc. v. Smith*, 357 F.3d 103, 111 (D.C. Cir. 2004)........................7

*Apotex, Inc. v. FDA*,
393 F.3d 210 ...............................................................................24

*Atherton v. D.C. Office of Mayor*,
567 F.3d 672 .................................................................................7

*Blassingame v. Secretary of the Navy*,
811 F.2d 65 ........................................................................... 13, 14

*Chamber of Commerce of the United States v. EPA*,
642 F.3d 192 .................................................................................8

*City of Houston v. Dep't of Housing and Urban Development*,
24 F.3d 1421 (D.C. Cir. 1994) ....................................................9

*City of Waukesha v. EPA*,
320 F. 3d 228 ...............................................................................11

*Del Monte Fresh Produce Co. v. United States*,
570 F.3d 316 .............................................................................8, 9

*Dougherty v. United States Navy Bd. for Corr. of Naval Records*,
784 F.2d 499 ...............................................................................14

*Geyen v. Marsh*,
775 F.2d 1303 ..............................................................................14

*Green v. White*,
319 F.3d 560 ....................................................................... 15, 16, 19

*Impro Products, Inc. v. Block*,
722 F.2d 845 ...............................................................................13

*Interstate Com. Comm'n v. Bhd of Locomotive Eng'rs*,
482 U.S. 270 ....................................................................... 16, 17, 18

*Iron Arrow Honor Soc. v. Heckler*,
464 U.S. 67 ...................................................................................8

*Kendall v. Army Bd. For Correction of Military Records*,
996 F.2d 362 ...........................................................................................13
*Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*,
56 F.3d 279 .............................................................................. 20, 21, 22
*Kim v. United States*,
632 F.3d 713 ..............................................................................................7
*Klehr v. A.O. Smith Corp.*,
521 U.S. 179...........................................................................................17
*Kreiger v. U.S.*,
539 F.2d 317 (3rd Cir. 1976) ...............................................................12
*Laffey v. Northwest Airlines Inc.*,
740 F.2d 1071 ........................................................................................24
*Lewis v. Sec'y of the Navy*,
1990 WL 454624 ...................................................................................15
*National Black Police Association v. District of Columbia*,
108 F.3d 346 ..........................................................................................10
*National Committee for New River, Inc. v. Federal Energy Regulatory Com'n*,
433 F.3d 830 ..........................................................................................24
*Northwestern Ind. Tel. Co. v. FCC*,
872 F. 2d 465 .........................................................................................22
*Page*,
729 F.2d at 820.......................................................................................24
*Schmidt v. United States,*,
89 Fed. Appx. 111 (Fed. Cl. 2009) ............................................... 3, 4, 15
*Sendra Corp. v. Magaw*,
111 F. 3d 162 ............................................................... 16, 17, 18, 19
*Sharp v. Weinberger*,
798 F.2d 1521 ........................................................................................20
*Smalls v. U.S.*,
298 Fed. App'x 994 (Fed. Cir. 2008) .....................................................15
*Smalls v. U.S.*,
87 F. Supp. 2d 1055 ..............................................................................16
*Smith v. Marsh*,
787 F.2d 510 (10th Cir. 1986) ..............................................................14
*Soble v. ABCMR,*,
151 F.3d 1033 (7th Cir 1998) ...............................................................16
*Soriano v. U.S.*,
352 U.S. 270............................................................................................12

*Spannaus v. United States Department of Justice*,
643 F. Supp. 698 ..................................................................................12

*Tootle v. Sec'y of the Navy*,
446 F.3d 167 ................................................................................ 21, 22

*Vermont Agency of Natural Resources v. United States*,
529 U.S. 765.........................................................................................8

*Vietnam Veterans of Am. v. Sec'y of the Navy*,
843 F.2d 528 ......................................................................................20

*Walling v. Helmerich & Payne, Inc.*,
323 U.S. 37........................................................................................10

*Walters v. Secretary of Defense*,
725 F.2d 107 (D.C. Cir. 1983) ...........................................................13

**\*Cases chiefly relied upon are marked with asterisks.**

## Federal Statutes

10 U.S.C. § 1201 .................................................................................21
10 U.S.C. §1168 .................................................................................13
28 U.S.C § 2501 .................................................................................15
28 U.S.C. § 1346(a)(2).........................................................................20
28 U.S.C. § 1491 .......................................................................... 1, 20, 23
28 U.S.C. § 2401 .......................................................................... 15, 16
28 U.S.C. § 2401(a) ....................................................................... 12, 13, 18
28 U.S.C. 240(a) .................................................................................1
5 U.S.C. § 701 .....................................................................................1
5 U.S.C. § 702....................................................................................20

## Federal Regulations

32 C.F.R. § 581.3(g)(4).........................................................................14
32 C.F.R. 45.3 ....................................................................................13

# **GLOSSARY**

APA...........................................................................Administrative Procedure Act

BCNR...........................................………Board for the Correction of Naval Records

AR ……………………………………………….Administrative Record

BCNR…………………………………………Board for Correction of Naval Records

CFC ……………………………………………….U.S. Court of Federal Claims

## RELEVANT STATUTES AND REGULATIONS

**10 U.S.C. § 1552. Correction of military records:  claims incident thereto**

**(a)(1)** The Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. Except as provided in paragraph (2), such corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department. The Secretary of Transportation may in the same manner correct any military record of the Coast Guard.

**(2)** The Secretary concerned is not required to act through a board in the case of the correction of a military record announcing a decision that a person is not eligible to enlist (or reenlist) or is not accepted for enlistment (or reenlistment) or announcing the promotion and appointment of an enlisted member to an initial or higher grade or the decision not to promote an enlisted member to a higher grade. Such a correction may be made only if the correction is favorable to the person concerned.

**(3)** Corrections under this section shall be made under procedures established by the Secretary concerned. In the case of the Secretary of a military department, those procedures must be approved by the Secretary of Defense.

**(4)** Except when procured by fraud, a correction under this section is final and conclusive on all officers of the United States.

**(b)** No correction may be made under subsection (a)(1) unless the claimant or his heir or legal representative files a request for the correction within three years after he discovers the error or injustice. However, a board established under subsection (a)(1) may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice.

**(c)** The Secretary concerned may pay, from applicable current appropriations, a claim for the loss of pay, allowances, compensation, emoluments, or other pecuniary benefits, or for the repayment of a fine or forfeiture, if, as a result of correcting a record under this section, the amount is found to be due the claimant on account of his or another's service in the Army, Navy, Air Force, Marine Corps, or Coast Guard, as the case may be. If the claimant is dead, the money shall be

viii

paid, upon demand, to his legal representative. However, if no demand for payment is made by a legal representative, the money shall be paid--

(1) to the surviving spouse, heir, or beneficiaries, in the order prescribed by the law applicable to that kind of payment;

(2) if there is no such law covering order of payment, in the order set forth in section 2771 of this title;   or

(3) as otherwise prescribed by the law applicable to that kind of payment.

A claimant's acceptance of a settlement under this section fully satisfies the claim concerned. This section does not authorize the payment of any claim compensated by private law before October 25, 1951.

(d) Applicable current appropriations are available to continue the pay, allowances, compensation, emoluments, and other pecuniary benefits of any person who was paid under subsection (c), and who, because of the correction of his military record, is entitled to those benefits, but for not longer than one year after the date when his record is corrected under this section if he is not reenlisted in, or appointed or reappointed to, the grade to which those payments relate. Without regard to qualifications for reenlistment, or appointment or reappointment, the Secretary concerned may reenlist a person in, or appoint or reappoint him to, the grade to which payments under this section relate.

(e) No payment may be made under this section for a benefit to which the claimant might later become entitled under the laws and regulations administered by the Secretary of Veterans Affairs.

(f) With respect to records of courts-martial and related administrative records pertaining to court-martial cases tried or reviewed under chapter 47 of this title (or under the Uniform Code of Military Justice (Public Law 506 of the 81st Congress)), action under subsection (a) may extend only to--

(1) correction of a record to reflect actions taken by reviewing authorities under chapter 47 of this title (or under the Uniform Code of Military Justice (Public Law 506 of the 81st Congress));   or

(2) action on the sentence of a court-martial for purposes of clemency.

(g) In this section, the term "military record" means a document or other record that pertains to (1) an individual member or former member of the armed forces, or (2) at the discretion of the Secretary of the military department concerned, any

ix

other military matter affecting a member or former member of the armed forces, an employee or former employee of that military department, or a dependent or current or former spouse of any such person. Such term does not include records pertaining to civilian employment matters (such as matters covered by title 5 and chapters 81, 83, 87, 108, 373, 605, 607, 643, and 873 of this title).

x

## STATEMENT OF JURISDICTION

Appellant, Jeffery Schmidt, alleged jurisdiction in the District Court under 28 U.S.C. § 1491, and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq* ("APA").    This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED

In the opinion, of Appellee, the following issues are presented:

1.     Whether the District Court correctly dismissed Appellant's claim for lack of jurisdiction based on expiration of the six year limit in 28 U.S.C. 240 (a) where the BCNR decision denying appellant's 2011 request for reconsideration of its 1989 disability rating was not based on new or material evidence.

2.     Whether the District Court's APA jurisdiction became moot after the remand to the BCNR cured the procedural error.

3.     In the alternative, whether the District Court's decision should be affirmed on other grounds because the Administrative Procedure Act Does not provide jurisdiction for Appellant's claim because it sought monetary relief.

## COUNTERSTATEMENT OF THE CASE

This case involves Mr. Schmidt's untimely request to change his disability rating and correct his Naval records after more than 20 years since the initial determination.   Mr. Schmidt filed this suit in the Court of Federal Claims, which dismissed all of his claims except his APA challenge to the agency decision denying his request for reconsideration. The Court of Federal Claims transferred the APA claim to the District Court.   The District Court adjudicated Mr. Schmidt's APA claim by remanding the case to the agency for resolution of the procedural challenge Mr. Schmidt alleged.   Once the procedural challenge was addressed, the District Court dismissed the case because Mr. Schmidt raised his substantive claim far beyond the "reasonable period of time" and there was no longer a live "case or controversy" because Mr. Schmidt's original--and only--claim had been resolved.   The District Court further held that Mr. Schmidt's suit was properly characterized as an action for monetary relief in excess of $10,000, a claim, which if viable, would be within the exclusive jurisdiction of the Court of Federal Claims.   In any event, dismissal of the substantive claim was also appropriate because the law-of–case doctrine established when the Court of Federal Claims ruled that Mr. Schmidt's substantive claims were untimely.

2

**<u>Factual and Procedural Background</u>**

Mr. Schmidt served in the United States Marine Corps from February 24, 1983 to March 1, 1989.    *Schmidt v. United States*, 89 Fed. Appx. 111,115 (Fed. Cl. 2009), (JA _____. ) R. 25.    Mr. Schmidt was "discharged under honorable conditions with a 10 per cent disability rating related to lower back pain.    *Id.*    At the time Mr. Schmidt accepted the findings of the Medical Board with regard to his disability rating.    *Id.*    In 1990, Mr. Schmidt had applied to the Board for Correction of Naval Records (BCNR) to change his disability rating from 10 per cent to 34 per cent based on the Veterans Administration's determination that he was 34 percent disabled.    The BCNR denied Mr. Schmidt's request in 1992.    (JA _____. ) R. 25 at 1.

In 2008, Mr. Schmidt sought reconsideration of his disability rating from BCNR.    *Id*. at 2.    This request was based on his diagnosis of PTSD.    *Schmidt* at 117.    His second request for reconsideration was denied by the Acting Executive Director of BCNR in May 2008.    *Id.*    In its denial the BNCR stated "[a]though some of the evidence you have submitted is new, it is not material."    *Id*.    Mr. Schmidt filed suit in the Court of Federal Claims seeking monetary damages in excess of $10,000 resulting from his military discharge and the BNCR's adverse

decisions.   *Id*.   The Federal Court of Claims construed his complaint as seeking monetary damages.   "In sum plaintiff seeks (1) additional disability pay, (2) claims wrongful discharge, and (3) requests declaratory and injunctive relief."   *Id.* at 118.

The Court of Federal Claims dismissed all but one of Mr. Schmidt's claims as barred by the statute of limitations.   *Id.* at 119.   The Court then transferred Mr. Schmidt's sole APA challenge to the District Court because it lacked subject matter jurisdiction.   *Id.* at 125.   In the District Court, Mr. Schmidt's procedural challenge under the APA was limited solely to whether a Navy "regulation allowing denial of a request for reconsideration by the BCNR Acting Executive Director and not BCNR board members violated the APA." (JA ____. )   *Schmidt v. United States*, No. 08-771C, Document 29 (September 16, 2009, Court of Federal Claims); R. 18.   The parties agreed to a Consent Remand to the BCNR.   On remand, the BCNR members denied the request for reconsideration.   (JA ____. )   R. 25 at 2.   Mr. Schmidt then filed an amended complaint, without leave of court, in an attempt to relitigate the refusal of Court of Federal Claims to hear his claims. (JA ____. )   *Id*. at 3.

The Government moved to dismiss the Amended Complaint pursuant to Rule 12(b)(1) based on mootness and the statute of limitations.   (JA ____. )   The

Government also asserted that dismissal was appropriate because Mr. Schmidt was

seeking monetary relief in excess of $10,000 so that his claim should be controlled

by the Tucker Act and considered within the exclusive jurisdiction of the Court of

Federal Claims. (JA ____. )    By memorandum opinion and order dated October

18, 2012, the District Court granted the Government's motion to dismiss because it

found that it lacked jurisdiction over Mr. Schmidt's claim. On January 6, 2013, Mr.

Schmidt filed a notice of appeal of the District Court's October 18, 2012 decision.

(JA ____. ) R. 27.

## SUMMARY OF ARGUMENT

The District Court denied Mr. Schmidt's procedural APA challenge to

the BCNR's decision which denied Mr. Schmidt's request for reconsideration.

Once the procedural defect was cured on remand, the case became moot.    Mr.

Schmidt now improperly seeks the District Court to review the substance of the

BCNR's determination based on his claim that his request presented "new or

material evidence." This claim attempted to re-litigate claims rejected by the Court

of Federal Claims.    The review Mr. Schmidt is seeking is precluded for several

reasons including law-of-the-case, statute of limitations, and lack of jurisdiction.

This case was primarily adjudicated in the Court of Federal Claims and

transferred to the District Court for the Administrative Procedures Act aspects of

his action. The claims in this suit arise from the same underlying transaction – Mr.

Schmidt's discharge from the Marine Corps in 1989 with a 10% disability rating.

(JA ___. )    Mr. Schmidt alleged the same wrong in both courts – that the Marine

Corps improperly discharged him without the correct disability pay or benefits.

Mr. Schmidt's only remaining challenge in the District Court was whether

procedure of having the BCNR's Executive Director deny the application

violated the APA when denied Mr. Schmidt's request for reconsideration.    Since

Mr. Schmidt's claim had been properly addressed after remand, that issue is now

moot.

   Moreover, even assuming *arguendo* that the District Court erred in choosing an

incorrect ground for dismissal, several additional grounds also support dismissal of

   Mr. Schmidt's claim.    This Court may affirm the District Court rulings on any

 appropriate ground.    For example, no matter which method the Court may use to

determine when Mr. Schmidt's claim accrued – whether counting from the date of

discharge, the date the BCNR first denied a claim filed by Mr. Schmidt or the date

the Secretary of the Navy affirmed the BCNR's denial of Mr. Schmidt's first claim,

      – Mr. Schmidt undoubtedly filed his claim beyond the six-year statute of

limitations period.    Second, even if timely, Mr. Schmidt has advanced a claim for

 monetary relief in excess of $10,000.    The nature of his claim, which is properly

6

evaluated based on the relief he sought, is for monetary disability benefits.    The

APA does not provide jurisdiction for claims for money damages.


## STANDARD OF REVIEW

This Court reviews the grant of a motion to dismiss *de novo* and "may affirm

the dismissal of a complaint on different grounds than those relied upon by the

district court."    *Amgen, Inc. v. Smith*, 357 F.3d 103, 111 (D.C. Cir. 2004); *see also*

*Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) (citing *Atherton v. D.C.*

*Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009)).


## ARGUMENT

## I.   THE ONLY CLAIM BEFORE THE COURT IS PROCEDURAL.

### A. The Procedural Claim is Moot

In its ruling of April 12, 2012, the District Court noted that the only issue before

it was the APA, procedural claim.    (JA_____.) ECF Doc. No. 18.    The APA

issue involved solely the propriety of the participation of the BCNR's Executive

Director in the reconsideration proceedings from 2008. (JA_____. )    The only

claim before the District Court was whether the acting Executive director of the

BCNR improperly ruled on the materiality of Mr. Schmidt's request for

7

reconsideration.    As it is undisputed that the Government has rectified the issue, and Mr. Schmidt is complaint challenges no other aspect of this remedy, the procedural claim has become moot. Mr. Schmidt's claim that he retains standing under *Vermont Agency of Natural Resources v. United States*, 529 U.S. 765, 771 (2000), is not appropriate because his disability claim was not before the District Court.

Mootness is a question of jurisdiction. *Chamber of Commerce of the United States v. EPA*, 642 F.3d 192, 199 (2011).    Failure to establish jurisdiction necessitated dismissal of the complaint by the District Court.    *Id*. at 213.    The Supreme Court has held that "[f]ederal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."    *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 70 (1983).    A party cannot satisfy the Article III case-or-controversy requirement unless the party has suffered some actual injury that can be redressed by a favorable judicial decision.    *Id.*

In at least two kinds of cases the fact that the specific conduct that gave rise to the case has ceased does not mean that the challenge to the legality of that conduct is moot.    *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009).    The first kind of case is where a plaintiff seeks a declaratory

8

judgment regarding an ongoing policy. *Id*. The party seeking this type of relief must show "standing to bring such a forward-looking challenge." *City of Houston v. Dep't of Housing and Urban Development*, 24 F.3d 1421, 1429 (D.C. Cir. 1994). To show such standing, plaintiffs "must show that their risk of injury is actual or imminent, not conjectural or hypothetical." *Id.* at 1429 n.6 (internal quotations on citation omitted).

The second type of case involves the "capable of repetition, yet evading review" exception or the "voluntary cessation doctrine." *Del Monte Fresh Produce Co*., 570 F.3d at 321. "[E]ven though the specific action that the plaintiff challenges has ceased, a claim for declaratory relief will not be moot even if the plaintiff has made no challenge to [an] ongoing underlying policy, but merely attacks an isolated agency action, so long as the specific claim fits the exception for cases that are capable of repetition, yet evading review, or falls within the voluntary cessation doctrine." *Id*. (internal quotations and citation omitted). "Under the capable of repetition yet evading review exception to mootness, the plaintiff must demonstrate that "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subject to the same action again." *Id*. at 322.

Under the "voluntary cessation doctrine," the "[v]oluntary discontinuance of an alleged illegal activity does not operate to remove a case from the ambit of judicial power." *Walling v. Helmerich & Payne, Inc*., 323 U.S. 37, 43 (1944). In the instant case, there is no longer a live "case or controversy" for review by this Court.   Mr. Schmidt alleged that the Executive Director of the BCNR made a decision on the materiality of the new evidence submitted as part of his request for reconsideration that should have been made instead by the Board.   (JA____) Compl. ¶ 12.   On March 17, 2011, the Board reviewed the evidence originally submitted by Plaintiff as part of his request for reconsideration.     This review mooted the sole remaining claim left for review, leaving Plaintiff without any standing to contest the Navy's regulation permitting the Executive Director to determine whether evidence submitted on reconsideration is "material."

Neither the "capable of repetition yet evading review exception" nor the "voluntary cessation doctrine" applies to the instant case.    As to the first exception, there is no "reasonable expectation" that Mr. Schmidt "would be subject to the same action again."    Mr. Schmidt's request to the BCNR involved a limited claim, which has now been resolved.    In other words, "events have completely or irrevocably eradicated the effects of the alleged violation." *National Black Police Association v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) (citations

omitted).    Mr. Schmidt received a review of his request for reconsideration by the

Board.    In the instant case, any decision rendered by the District Court on Mr.

Schmidt's sole remaining claim would have constituted an advisory opinion over a

matter that had been resolved.    Mr. Schmidt has conceded this in his pleadings

before the District Court.    (JA _____. ) ECF Doc. No. 20 at 5.    Accordingly, Mr.

Schmidt's sole remaining cause of action was properly dismissed by the District

Court for lack of subject matter jurisdiction.


### B. Mr. Schmidt Does Not Challenge The District Court's Dismissal Of His Procedural Claim Or The Denial of Leave to Amend His Complaint

Before this Court, Mr. Schmidt makes no substantive arguments that

challenge the District Court's denial of his request for leave to amend his complaint

as an abuse of discretion. (JA_____.)   Mr. Schmidt's silence in his opening brief

regarding his procedural claim and the District Court's denial of his request for leave

to amend, which is addressed in the District Court's October 18, 2012,

Memorandum Opinion, constitutes a waiver of any such challenge. *See City of

Waukesha v. EPA*, 320 F. 3d 228, 250 n.22 (D.C. Cir. 2003); August 26, 2013 Order

("All issues and arguments must be raised by appellant in the opening brief. The

court ordinarily will not consider issues and arguments raised for the first time in the

reply brief.").    Therefore, this Court should affirm that aspect of the District Court's

judgment in favor of the Government.

## II.    MR. SCHMIDT'S REQUEST FOR REVIEW OF HIS SUBSTANTIVE CLAIMS PREVIOUSLY ADJUDICATED BEFORE THE COURT OF FEDERAL CLAIMS IS IMPROPER.

### A.    Mr. Schmidt's Substantive Claim Is Barred by the Statute of Limitations.

The clear goal of Mr. Schmidt's action after having his procedural claim resolved is to have another bite at the apple to get substantive relief, notwithstanding the Court of Federal Claims' ruling.   Mr. Schmidt's substantive claim, however, is still barred by the statute of limitations.

Civil actions brought against the United States "shall be barred unless the complaint is filed within six years after the right of action first accrues."   28 U.S.C. § 2401(a).   Section 2401(a) is not simply an affirmative defense, but instead is "a condition attached to the sovereign's consent to be sued, and like all waivers, must be strictly construed."   *Spannaus v. United States Department of Justice*, 643 F. Supp. 698, 700, (D.D.C. 1986); *see also Soriano v. U.S.,* 352 U.S. 270, 276 (1957); *Kreiger v. U.S.,* 539 F.2d 317, 320-21 (3rd Cir. 1976).   Accordingly, strict compliance with the statute of limitations is a jurisdictional prerequisite to suit that can neither be waived by the government, nor relaxed by the courts for equitable

12

considerations.   *Id*; *see also Walters v. Secretary of Defense*, 725 F.2d 107, 112 (D.C. Cir. 1983).

The six-year limitation period of 28 U.S.C. § 2401(a) has been applied specifically to claims brought under the APA. *Impro Products, Inc. v. Block,* 722 F.2d 845, 850 (D.C. Cir 1983).   With regard to military personnel who are challenging discharges, the first determination is whether the plaintiff is challenging the discharge itself or a later review by a military records correction board. *Blassingame v. Secretary of the Navy*, 811 F.2d 65, 72 (2nd Cir. 1987).

## 1.  **Challenge to the Underlying Discharge**

For claims challenging the underlying discharge disability determination, the §2401(a) statute of limitations begins to run when the petitioner's discharge is considered final.   *Kendall v. Army Bd. For Correction of Military Records*, 996 F.2d 362, 366 (D.C. Cir. 1993) (citing *Walters v. Secretary of Defense*, 725 F.2d 107, 114 (D.C. Cir. 1983).   Board for Correction review does not delay the accrual of a cause of action arising directly from an allegedly illegal discharge.   *Walters,* 725 F.2d at 114.   Availability of a DD Form 214, not necessarily its actual delivery, is the legal indicator that a service member's discharge has been executed and is considered final.   10 U.S.C. §1168; 32 C.F.R. 45.3; *see also 63 Comp. Gen. 251* (1984).

Here, Mr. Schmidt, waited more than 16 years after the Board's initial denial of his request for reconsideration of the disability determination. (JA_____) . Because Mr. Schmidt's discharge was final more than six years prior to the filing of his action, any challenges to his underlying discharge were untimely.

## 2.   Challenge to the Decision by the Board

Mr. Schmidt's challenge to the decision of the Board for Correction of Naval Records was also untimely.   With respect to a challenge to an adverse decision by the BCNR, the claim accrues at the time of the "final agency decision or the exhaustion of all administrative remedies," and is not affected by when the plaintiff's discharge was actually finalized.   *Blassingame v. Sec'y of the Navy*,   811 F.2d 65, 71 (2d Cir. 1987); *see also Dougherty v. United States Navy Bd. for Corr. of Naval Records*, 784 F.2d 499, 501-02 (3rd Cir. 1986); *Geyen v. Marsh*, 775 F.2d 1303, 1306 (5th Cir. 1985); *Smith v. Marsh*, 787 F.2d 510, 512 (10th Cir. 1986)).

A service member may re-apply to the BCNR for a reconsideration of a prior adverse ruling.   32 C.F.R. § 581.3(g)(4).   There is no statutory or regulatory limit on the number of reconsiderations which may be requested from the BCNR.   *Id.* The relevant question in the current case is the effect on the statute of limitations on requests for reconsideration to the BCNR via a procedural challenge.   A split exists among the circuits on the question most analogous to this situation.

14

The most recent decision announced by the Third Circuit and the position

urged by the Government here, provides that if a military records correction board

reopens a proceeding and rules upon a petition that contains "new evidence" or

"changed circumstances," then such a ruling will constitute a new final agency

action and will restart the 6-year time limit to file suit in federal district court under §

2401(a).  *Green v. White*, 319 F.3d 560, 567 (3rd Cir. 2003).   The Court of Appeals

for the Federal Circuit has developed a similar rule.[1]   That court will allow a

petition for reconsideration of a BCNR decision to restart the § 2501 clock only if:

(1) there is a showing of new evidence or changed circumstances; and (2) the motion

for reconsideration is made within a "reasonable time".   *See Schmidt v. U.S.,* 89

Fed. Cl. 111, 121-122 (2009) (citing *Smalls v. U.S.,* 298 Fed. App'x 994, 996 (Fed.

Cir. 2008).

Other courts have ruled that the review and denial of a petition for

reconsideration will always restart the statute of limitations clock as long as it is filed

within 6 years of the correction board's original adverse decision.   *Green v. White*,

319 F.3d at 564 (citing *Lewis v. Sec'y of the Navy*, 1990 WL 454624 (D.D.C. 1990)).

Yet other courts have determined that the denial of a petition for reconsideration

---

[1]  Claims presented to the Court of Federal Claims are actually subject to the statute
of limitations in 28 U.S.C § 2501 rather than 28 U.S.C. § 2401.   However, the
language in the two statutes is virtually identical and both impose a 6-year statute of
limitations from the time the claim accrues.

15

(without limitation) will always restart the § 2401 clock regardless of how much time elapses between the correction board's original opinion and the subsequent reconsideration.   *Smalls v. U.S.,* 87 F. Supp. 2d 1055, 1059-60 (D. Haw. 2000). Finally, a few jurisdictions have ruled that successive petitions for reconsideration to a military records correction board have no affect on the §2401 six-year time limit, which will always run from the correction board's original adverse decision. *Green*, 319 F.3d at 565; *citing Soble v. ABCMR*, 151 F.3d 1033 (7th Cir 1998).

This Court has not yet ruled on this issue.   This Court has previously adhered to the view that motions for reconsideration made to BCNR within six years of the board's original adverse decision will re-start the §2401(a) clock.   *See Sendra MCorp. v. Magaw,* 111 F. 3d 162, 166 (D.C. Cir. 1997).   But, Mr. Schmidt argues that   *Sendra Corp*. requires that the Board's denial of a petition for reconsideration merely alleging "new evidence" or "changed circumstances" is subject to judicial review whenever it is filed. Appellant Br. 14. However, his reliance on *Sendra* is misplaced.

*Sendra,* and the Supreme Court's decision in *Interstate Com. Comm'n v. Bhd of Locomotive Eng'rs*, 482 U.S. 270 (1987) that undergirds it, specifically require that a reconsideration request be "timely" to require judicial review of whether there is new evidence or changed circumstances.   have a reopening effect. Without a

16

timely reconsideration request, there can be no reopening.   This Court specifically

observed, in the context of a formal APA adjudication that "if a party does file a

timely request for reconsideration, this tolls the running of the period of limitations.

. ." *Sendra*, 111 F.3d. at 166 (emphasis in original) (*citing Interstate Com.

Comm'n v. Bhd of Locomotive Eng'rs* (hereinafter, "*Brotherhood*")).   The Supreme

Court reasoned that "[T]he filing of a timely rehearing petition, like the filing of a

timely petition for agency reconsideration, extends   the time for appealing from the

original decision," (*Brotherhood*, 482 U.S. at 280 (emphasis added)), and "[W]e

conclude that [appellee's petition for judicial review] was nonetheless effective,

because the timely petition for administrative reconsideration stayed the running of

the Hobbs Act's limitation period until the petition had been acted upon by the

Commission." *Id*. at 284 (emphasis added). The Supreme Court further clarified that

reconsideration requests were restricted by the statutory review period. *Id*. at 286

("The remedy for such ambiguity is to petition the Commission for reconsideration

within the 60-day period, enabling judicial review to be pursued (if Commission

resolution of the ambiguity is adverse) after disposition of that petition.").   This is

wholly consistent with the Supreme Court's opinion in *Klehr v. A.O. Smith Corp.,*

521 U.S. 179 (1997).

In short, for a reconsideration request and later agency action to have any effect on the statute of limitations, the reconsideration request must be, at a minimum, timely. This timeliness requirement is fatal to Mr. Schmidt's arguments for reopening because his reconsideration request was untimely both under the regulations issued by the Secretary of the Navy pursuant to statute and under the 6-year limitations period under 28 U.S.C. § 2401(a) applicable in APA cases.

Further, Mr. Schmidt's argument that by re-issuing the same decision from the BCNR board members instead of the Acting Executive Director the BCNR's decision constituted a new decision is similarly unavailing. This Court in *Sendra Corp*. observed, that "an agency order stating only that it is denying reconsideration is conclusive, so long as the agency has not altered its original decision." 111 F.3d at 167. Importantly, this Court has stated that courts should not look beyond the agency's formal disposition of the reconsideration to determine whether it reopened its original decision. *Am. Ass'n of Paging Carriers v. FCC*, 442 F.3d 751, 756 (D.C. Cir. 2006) (*quoting Sendra Corp*., 111 F.3d at 167). Ultimately, whether the agency's order discusses the merits of the reconsideration at length is irrelevant to reviewability. *Am. Ass'n of Paging Carriers*, 442 F.3d at 756 (*citing Interstate Com. Comm'n*, 482 U.S. at 273). Here, the BCNR merely permitted the BNCR board

18

members to determine whether evidence submitted on reconsideration is "material" to its earlier decision denying Mr. Schmidt relief and did not reopen its decision.

Even if the rationale underlying *Sendra Corp.* applied, Mr. Schmidt's case remained time barred.Mr. Schmidt neither applied for reconsideration within six years of the BCNR's action nor presented new evidence.   The BCNR issued its initial adverse decision to Mr. Schmidt in March 1992.   Since that time Mr. Schmidt filed one request for reconsideration with BCNR. (JA _____.)   This Court should follow the Third Circuit holding in *Green* as the better view on this issue. Consistent with that holding, although "new evidence" and "changed circumstances" are legitimate reasons to reset an agency's final action, to hold that a new motion to reconsider restarts the limitations period would encourage the constant requests for reconsideration by seasoned practitioners seeking to keep their claims alive indefinitely.

Although Mr. Schmidt has pursued his claim in the Court of Federal Claims and received an adverse ruling, he now attempts to "revive" his claim through a procedural challenge in a way that is at odds with available precedent in cases like *Green, 319 F.3d at 56.*   Simply put, the mere allegation of "new evidence" or argument cannot revive a time barred claim.

19

**B. The District Court Lacked Subject Matter Jurisdiction Over Plaintiff's Substantive Claim Because The Claim Was Actually A Claim For Money Damages Which Is Unavailable Under Administrative Procedure Act.**

By its terms, the Administrative Procedure Act ("APA") excludes actions for "money damages," thereby directing most money claimants to frame an action under other statutes designed for money judgments, such as the Tucker Act.   *See*, 5 U.S.C. § 702.   The Tucker Act vests exclusive jurisdiction in the United States Court of Federal Claims over claims against the United States for "liquidated or un-liquidated damages in cases not sounding in tort."   28 U.S.C. § 1491.   The "Little Tucker Act" provides an exception, vesting concurrent jurisdiction in district courts for civil actions or claims against the United States for $10,000 or less.   28 U.S.C. § 1346(a)(2).

This Court has adopted a bright-line approach under which it considers cases to be based on the Tucker Act's waiver of sovereign immunity only "if the plaintiff seeks money or the district court grants it."   *Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 285 (D.C. Cir 1995); *see also Vietnam Veterans of Am. v. Sec'y of the Navy*, 843 F.2d 528, 534 (D.C. Cir 1988) (citing *Sharp v. Weinberger*, 798 F.2d 1521, 1524 (D.C. Cir 1986)).

A claim is not necessarily one for money damages if the relief sought has "considerable value independent of any future potential for monetary relief."

20

*Tootle v. Sec'y of the Navy*, 446 F.3d 167, 176 (D.C. Cir. 2006) (quoting *Kidwell*, 56

F.3d at 284).   The fact that a plaintiff may, in the course of correcting his or her

military record, obtain monetary relief from the United States is itself insufficient to

give rise to a lack of subject matter jurisdiction.   *Id.*   In making past determinations

on what constitutes a claim "in essence for more than $10,000" this Court has

generally held it will limit its inquiry to the four corners of the complaint.   *Id.* at

174.   In *Kidwell*, this Court held that a complaint is not "in essence" one for money

damages "as long as the sole remedy requested is declaratory or injunctive relief that

is not 'negligible in comparison' with the potential monetary recovery."   *Kidwell*, 56

F.3d at 284.

Although Mr. Schmidt attempted to frame his claim in a manner intended to

avoid the previous ruling of the Court of Federal Claims, the District Court correctly

noted that "the fact of the matter is that he is seeking money damages once he is

successful in getting the necessary disability percentage pursuant to 10 U.S.C. §

1201 for his disability retirement."   Unlike the plaintiffs in *Kidwell* or *Tootle*, Mr.

Schmidt here has explicitly requested outright monetary relief from the District

Court.   (JA _____. ) (R.1-1 at ¶ 28) (seeking a"[h]olding [that] Plaintiff is entitled

to back pay and benefits over $10,000 stemming from his improper release date of

March 1, 1989").   Also unlike *Kidwell* and *Tootle*, granting equitable relief in this

case would not provide a direct non-monetary benefit, such as removing the stigma of a less than honorable discharge, to Mr. Schmidt.   Instead, as the District Court correctly noted, the "thrust of Plaintiff's request for declaratory relief 'is to obtain money from the United States'; otherwise, the declaratory judgment, even if obtained, would have no value." JA _____.   (R. 25 at 6) Because Mr. Schmidt is attempting to pursue his previously adjudicated monetary claim as one for equitable relief in order to circumvent the ruling of the Court of Federal Claims, the District Court correctly held that it lacked jurisdiction to hear his claim.

### C. Mr. Schmidt's Substantive Claims Are Barred By The Law Of The Case.

"'Law-of-the-case' doctrine refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as the law of the case) by that court or a higher one in earlier phases.   When there are multiple steps taken in the course of a single piece of litigation, law-of-the-case doctrine holds that previous decisions in the same case should not be revisited in later arguments to the court.   See, e.g., *Northwestern Ind. Tel. Co. v. FCC*, 872 F. 2d 465, 471 (D.C. Cir. 1989) (appellate court's prior ruling establishing exhaustion requirement is law of the case and cannot be challenged on second appeal); see also 18 R. Miller & Edward H.

Cooper, Federal Practice and Procedures § 4478, at 801(1981); id. at 625 (1994

Supp.) ("Arguments that were not advanced on appeal may be lost because they are

found wrapped up with a larger issue that was decided" previously).

Here, this case was primarily adjudicated in the Court of Federal Claims and

transferred to the District Court. The claims in this suit arise from the same

underlying transaction – Mr. Schmidt's discharge from the Marine Corps in 1989

with a 10% disability rating. (JA ___. )   Mr. Schmidt alleged the same wrong in

both Courts – that the Marine Corps improperly discharged him without the correct

disability pay or benefits.   In both Courts, Mr. Schmidt challenged the decisions

of the BCNR relating to his disability rating. (JA ___.)   In both Courts, Mr.

Schmidt sought the same remedies, medical retirement benefits and a correction of

his records to reflect a higher percentage of disability rating. (JA ____).   The only

material difference between the presentations in in the two Courts was that in the

District Court, Mr. Schmidt omitted his reference to 28 U.S.C. § 1491, the Tucker

Act, and characterized his complaint as solely under the Administrative Procedure

Act.

Despite his failure to refer specifically to the Tucker Act in reference to his

remaining claim, Mr. Schmidt still sought money – specifically, medical retirement

benefits.   Importantly, Mr. Schmidt's characterization of the pleadings is not

controlling.  *See Apotex, Inc. v. FDA*, 393 F.3d 210, 217-218 (D.C. Cir.2004) (raising new legal theory based on previously litigated facts is barred); *see also*, *National Committee for New River, Inc. v. Federal Energy Regulatory Com'n*, 433 F.3d 830, 833 (D.C. Cir. 2005).   Instead, the focus is on the true nature of the relief sought as it relates to the underlying claim.   *See Page*, 729 F.2d at 820.  Accordingly, because Mr. Schmidt sought the same relief – medical retirement pay and benefits – and alleged the same errors – the failure to award him medical retirement pay and benefits – by dismissing Mr. Schmidt's substantive claims, the Court of Federal Claims established the law of the case in this matter.   (JA ____.)

The Court of Federal Claims, a court possessing similar subject matter jurisdiction as the District Court, dismissed Mr. Schmidt's claim on September 16, 2009, for lack of jurisdiction finding his claims were time barred.   (*See* JA ____. ) *Schmidt v. United States of America*, 89 Fed. Cl. at 124.   The Court of Federal Claims' dismissal constitutes a final judgment on the merits by a court of competent jurisdiction.   *Laffey v. Northwest Airlines Inc*., 740 F.2d 1071, 1090, 1093 (D.C. Cir. 1984) (challenge to district court's correct application of prior appellate decision is barred by law-of-the-case doctrine). Accordingly Mr. Schmidt's substantive claims are barred based on the law-of-the-case doctrine.

# CONCLUSION

WHEREFORE, the Government respectfully submit that the District Court's denial of Mr. Schmidt's claims should be affirmed.

RONALD MACHEN JR
United States Attorney

R. CRAIG LAWRENCE
Assistant United States Attorney

*/s BENTON PETERSON*
BENTON G. PETERSON
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

FRAP 32(a)(7)(C)

The text for this Brief for Appellee is prepared using Times New Roman, 14 point

and – including the Statement of Issues but omitting those items described inFed.

R. App. P. 32(a)(7)(B)(iii) and D.C. Circuit Rule 32(a)(1) – contains 5241,words

as counted by Microsoft Word 2010.


*/s/ Benton Peterson*
BENTON PETERSON
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that copies of the foregoing Brief for the Government have

been delivered by ECF to Appellant's counsel and addressed, as follows:


Michael D.J. Eisenberg
Law Office of Michael D.J. Eisenberg
700 12th Street, NW Suite 700
Washington, D.C. 20005
Email:   Michael@EisenbergLawoffice.com

on this <u>23rd</u>  day of December, 2013.



　　　　　　　　　　　/s
BENTON G. PETERSON
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2534