RECORD NO. 13-5007

**ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED**

In The
# United States Court of Appeals
For The District of Columbia Circuit

**JEFFRY SCHMIDT, also known as Jeff Schmidt,**

*Plaintiff – Appellant*,

v.

**UNITED STATES OF AMERICA,**

*Defendant – Appellee*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PAGE PROOF REPLY BRIEF OF APPELLANT**

**Michael D.J. Eisenberg**
LAW OFFICE OF MICHAEL D.J. EISENBERG
700 12th Street, NW, Suite 700
Washington, DC  20005
(202) 558-6371

*Counsel for Appellant*                                               *Dated:  January 10, 2014*

**THE LEX GROUP**[DC] ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C.  20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

GLOSSARY OF ABBREVIATIONS ..................................................................iii

STATUTES AND REGULATIONS ...................................................................... 1

SUMMARY OF ARGUMENT ............................................................................... 1

ARGUMENT ............................................................................................................ 3

    I.    Contrary to Appellee's Argument, the Substantive Claim is Properly before the Court ........................................ 3

        a.    Appellant's Claim Is Not Moot. ....................................... 3

        b.    The Substantive Claim Has Not Been Waived. ............ 3

    II.    APA Review of the 2011 BCNR Decision Is Not Barred by the Statute of Limitations in the District Court .............. 4

        a.    Appellant's Claim Is Timely. .......................................... 4

        b.    APA Jurisdiction Is Appropriate ................................... 6

        c.    Law Of The Case Doctrine Is Inapplicable ................... 8

CONCLUSION ........................................................................................................ 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brotherhood of Locomotive Engineers*,
    482 U.S. 270 (1987) .................................................................................. 6

*Interstate Com. Comm'n v. Bhd of Locomotive Eng'rs*,
    482 U.S. 270 (1987) .................................................................................. 5

*\*Kidwell v. Dept. of the Army*,
    56 F.3d 279 (D.C. Cir. 1995) .................................................................... 7

*Pepper v. United States*,
    131 S. Ct. 1229 (2011) .............................................................................. 8

*\*Sendra Corp. v. Magaw*,
    111 F.3d 162 (D.C. Cir. 1997) ........................................................... 4, 5, 6

*Tootle v. Sec'y of the Navy*,
    446 F.3d 167 (D.C. Cir. 2006) .................................................................. 7

**STATUTE**

28 U.S.C. § 2401(a) ......................................................................................... 5

*\*Chief Authorities are Designated by an Asterisk*

# GLOSSARY OF ABBREVIATIONS

**APA**   Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*

**AR**    Administrative Record

**BCNR**  Board for Correction of Naval Records

**CFC**   U.S. Court of Federal Claims

**USMC**  United States Marine Corps

## STATUTES AND REGULATIONS

All applicable statutes and regulations are contained in the Initial Brief for Appellant.

## SUMMARY OF ARGUMENT

Appellant asserts that the U.S. District Court for the District of Columbia (hereinafter "District Court") has jurisdiction under the Administrative Procedures Act (APA) to review the BCNR's 2011 determination that Appellant's request for reconsideration did not contain "new or material" evidence. Thus, the District Court's dismissal of Appellant's APA challenge was improper.

Appellee argues that the District Court correctly dismissed Appellant's claim. First, Appellee asserts that a) the only claim before the District Court was the procedural claim, which was remedied by the remand; and b) Appellant has waived the right to challenge the District Court's denial of his Motion for Leave to Amend the Complaint to include the substantive challenge to the 2011 BCNR decision. As the only claim was rendered moot by the remand, Appellee concludes that dismissal was proper.

Second, Appellee argues that the District Court does not possess jurisdiction to conduct APA review of the 2011 BCNR decision because it a) is barred by the statute of limitations, b) is actually a claim for monetary damages (which is unavailable under the APA), and c) is barred by the Law-of-the-Case Doctrine.

However, Appellee's arguments must fail for the reasons articulated in Appellant's Opening Brief and herein. First, Appellant's claim is not moot because a) the remand created a new "final agency decision" subject to judicial review under the arbitrary and capricious standard of the APA; and b) the substantive claim has not been waived. Second, APA jurisdiction is appropriate because a) the claim is a timely because it was brought within six years of the BCNR decision sought to be reviewed; b) the claim seeks non-monetary relief that has "considerable value" independent of any future potential for monetary relief; and c) Law of the Case Doctrine is inapplicable.

Based on the arguments contained in Appellant's Opening Brief and herein, the District Court possessed jurisdiction to entertain Appellant's APA challenge to the 2011 BCNR Decision and dismissal was improper.

# ARGUMENT

I. Contrary to Appellee's Argument, the Substantive Claim is Properly before the Court.

    a. Appellant's Claim Is Not Moot.

Contrary to Appellee's argument and as discussed in Appellant's Opening Brief, Appellant's claim is not moot because the remand created a new "final agency decision" subject to judicial review under the arbitrary and capricious standard of the APA. *See* Appellant Br. at 13-16.

    b. The Substantive Claim Has Not Been Waived.

Appellee also argues that Appellant has waived his right to challenge the District Court's April 12, 2012, Order denying Appellant leave to file an amended complaint. *See* Appellee Br. at 11-12 (referencing Order, ECF No. 18). As such, Appellee claims that Appellant has conceded the substantive claim, leaving only the procedural claim (which, as both parties agree, was mooted by the remand). *Id.* However, this is an incorrect characterization of this appeal.

Appellant has appealed the District Court's October 18, 2012, which both granted Appellee's Motion to Dismiss and Denied

3

Appellant's "Motion to Be Heard on the APA Issue" (Order, ECF No. 25). In doing so, Appellant has unambiguously challenged the District Court's denial of Appellant's Motion to proceed on the substantive APA issue. There is no reason to find that Appellant has waived a challenge to the District Court's refusal to hear the substantive APA claim simply because he has not heretofore alleged a separate challenge to the April 12, 2012, Order (denying leave to amend the Complaint).

Accordingly, Appellant's substantive APA claim has not been waived.

II. APA Review of the 2011 BCNR Decision Is Not Barred by the Statute of Limitations in the District Court.

    a.    Appellant's Claim Is Timely.

As discussed in depth in Appellant's Opening Brief, Appellant's APA challenge to the 2011 BCNR decision is timely. Appellant Br. at 16-19. Appellant relies on *Sendra Corp. v. Magaw*, 111 F.3d 162, 166 (D.C. Cir. 1997), for the proposition that a if an agency denies a petition for reconsideration alleging "new evidence" or "changed circumstances," the agency's denial is reviewable as a final agency action (i.e. the statute of limitations accrues at the time of that final agency action). Appellant Br. at 14-15.

Appellee argues that Appellant's reliance on *Sendra* is misplaced. Accordingly to Appellee:

> *Sendra,* and the Supreme Court's decision in *Interstate Com. Comm'n v. Bhd of Locomotive Eng'rs*, 482 U.S. 270 (1987) that undergirds it, specifically require that a reconsideration request be "timely" to require judicial review of whether there is new evidence or changed circumstances [to] have a reopening effect.
>
> \* \* \*
>
> In short, for a reconsideration request and later agency action to have any effect on the statute of limitations, the reconsideration request must be, at a minimum, timely. This timeliness requirement is fatal to Mr. Schmidt's arguments for reopening because his reconsideration request was untimely both under the regulations issued by the Secretary of the Navy pursuant to statute and under the 6-year limitations period under 28 U.S.C. § 2401(a) applicable in APA cases.

Appellee's Br. at 17-18.

Contrary to Appellee's argument, there is no requirement that a petition for reconsideration alleging new and material evidence must be filed within six years of the original decision. *See Sendra*, 111 F.3d at 166. Appellant is entitled to judicial review of the BCNR's determination that he failed to present new and material evidence

5

under the "clearest abuse of discretion" standard.[1] *Id.* As articulated by the Court in *Sendra*, "[I]f an agency denies a petition for reconsideration alleging 'new evidence' or 'changed circumstances', the agency's denial is reviewable as a final agency action, but it will be set aside only for the 'clearest abuse of discretion.'"[2] *Id.* (quoting *Brotherhood of Locomotive Engineers*, 482 U.S. 270, 280 (1987)). Accordingly, Appellant's claim is timely and *Sendra* appropriately represents the applicable law.

    b.    APA Jurisdiction Is Appropriate.

Appellee also argues that the District Court lacked subject matter jurisdiction over Appellant's substantive claim because it is actually a

---

[1] As explained in Appellant's Opening Brief, Appellant submitted "new evidence" to the BCNR in 2011. Appellant's Br. at 13-15.

[2] The BCNR's denial in 2011 is subject to judicial review. Specifically, the District Court is empowered to consider whether the BCNR's determination that Appellant failed to submit any new or material evidence was arbitrary, capricious, or an abuse of discretion. Specifically, because it is undisputed that Appellant submitted substantial ***new*** medical evidence postdating the 1992 decision, the District Court is empowered to review the BCNR's substantive decision that determined (in error as the Appellant argues) the additional evidence was not "material".

6

claim for monetary damages, which is unavailable under the APA. Appellee Br. at 20-21. However, Appellee's argument must fail.

Appellant did not explicitly request monetary damages in his Amended Complaint to the District Court. Am. Comp., ECF No. 15, Mar. 9, 2012. Further, even if some monetary award will flow from a positive outcome, a claim is not necessarily one for money damages if the relief sought has "considerable value independent of any future potential for monetary relief." *Tootle v. Sec'y of the Navy*, 446 F.3d 167, 176 (D.C. Cir. 2006) (quoting *Kidwell v. Dept. of the Army*, 56 F.3d 279, 284 (D.C. Cir. 1995)).

This Court has specifically noted that a change in discharge status can be valued more than a monetary return. *Kidwell*, 56 F.3d at 285. Equitable relief in the case at bar would provide several direct non-monetary benefits. A military medical retirement will entitle a Veteran to access to Tri-Care insurance and future health care treatment from the Army. It will also entitle him to military ID card, which permits access to base privileges, discounts at certain businesses, etc.

Thus, APA jurisdiction is appropriate because Appellant has not asked for any monetary award and because his request for record

correction has "considerable value independent of any future potential for monetary relief."

  c. Law Of The Case Doctrine Is Inapplicable.

Appellee lastly argues that the Law of the Case Doctrine precludes APA review of the 2011 BCNR decision in the District Court. See Appellee Br. at 22-24. However, for many of the same reasons that collateral estoppel and res judicata do not apply to this case (*see* Appellant Br. at 23-29), the Law of the Case Doctrine does not bar the District Court from determining its own jurisdiction to review the 2011 BCNR decision.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" unless "the court is convinced that its prior decision is clearly erroneous and would work a manifest injustice." *Pepper v. United States*, 131 S. Ct. 1229, 1250-51 (2011) (citations, alterations, and internal quotation marks omitted). As discussed in Appellant's Opening Brief, the Court of Federal Claims did not determine the District Court's jurisdiction to conduct APA review of the 2011 BCNR decision. Appellant Br. at 23-29. Instead, the Court of

8

Federal Claims determined *its own jurisdiction*, finding that it lacked Tucker Act jurisdiction to review the operating 2008 BCNR decision.

Thus, law of the case doctrine does not preclude or limit the District Court's ability to determine its own jurisdiction and/or to conduct APA review of the 2011 BCNR decision.

## CONCLUSION

WHEREFORE, Appellant, by and through Counsel, respectfully requests that the Court reverse the District Court's dismissal for lack of jurisdiction, and remand the matter for APA review of the March 2011 BCNR Decision.

Respectfully submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
D.C. Bar No. 415793
Attorney for the Appellant
Law Office of Michael D.J. Eisenberg
700 12th Street, N.W.
Suite 700
Washington, DC 20005
O: (202) 558-6371
F: (202) 403-3430
E-mail: Michael@Eisenberg-LawOffice.com

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*1,615*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Century Schoolbook*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>January 10, 2014</u>                    /s/ Michael D.J. Eisenberg
                                                  *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 10th day of January, 2013, I caused this Page Proof Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Benton G. Peterson
R. Craig Lawrence
OFFICE OF THE U.S. ATTORNEY
555 4th Street, NW
Washington, DC  20530
(202) 252-2500

*Counsel for Appellee*

I further certify that on this 10th day of January, 2014, I caused the required copies of the Page Proof Reply Brief of Appellant to be hand filed with the Clerk of the Court.

/s/ Michael D.J. Eisenberg
*Counsel for Appellant*